**Michael T. LEWIS, Appellant–
Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A05–0112–CR–534.**

Court of Appeals of Indiana.

Sept. 10, 2002.

Thomas C. Allen, Fort Wayne, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodap–Gillman, Deputy Attorney General, Indianapolis, IN, for Appellee.

**OPINION ON REHEARING**

ROBB, Judge.

Michael Lewis petitions this court for rehearing of our decision dated June 6,

2002.[1] In that opinion, we held that there was sufficient evidence to support his adjudication as an habitual offender and that unlawful possession of a firearm by a serious violent felon is not an enhanced crime that cannot be further enhanced by an habitual offender finding. *Lewis v. State,* 769 N.E.2d 243 (Ind.Ct.App.2002). We grant Lewis' petition for rehearing for the sole purpose of addressing his contention that we misstated the disposition of the habitual offender charge, but we reaffirm our earlier opinion.

Lewis was charged with Count I, part I, unlawful possession of a firearm by a serious violent felon, a Class B felony; Count I, part II, habitual offender allegation; Count II, part I, carrying a handgun without a license, a Class C felony; Count II, part III, habitual offender allegation; Count III, part I, resisting law enforcement, a Class D felony; Count III, part II, habitual offender allegation; Count IV, resisting law enforcement, a Class A misdemeanor; and Count V, failure to stop after an accident causing injury or death, a Class A misdemeanor. In our opinion, we stated that, "Prior to his jury trial, Lewis filed a motion to dismiss the habitual offender allegation as Part II of the unlawful possession by a SVF charge.... The trial court took the motion under advisement and the case proceeded to jury trial." *Id.* at 245. Lewis contends that the habitual offender allegation was actually dismissed.

On further review of the record, we find that we cannot accurately discern how the trial court disposed of the habitual offender allegation that was part II of the unlawful possession by a SVF charge. Lewis made more than one motion to dismiss this allegation. The pleadings, the chronological case summary, and the trial court's statements at the beginning of Lewis' trial regarding the charges to be tried do not all agree on the disposition of those motions. However, we need not determine with absolute certainty whether or not the habitual offender allegation as part II of the unlawful possession by a SVF was dismissed prior to trial. Even if it was dismissed, an habitual offender allegation was tried to the jury. Lewis does not dispute that the habitual offender allegation as part II of the resisting law enforcement charge was presented to the jury and that the jury did in fact adjudicate him an habitual offender. Although an habitual offender enhancement can only be imposed upon one felony conviction, the habitual offender determination is not linked to any particular felony conviction. *See id.* at 249–50 (citing *Greer v. State,* 680 N.E.2d 526, 527 (Ind.1997)). As such, the trial court has the discretion to choose which felony sentence to enhance pursuant to the habitual offender determination. *See id.* at 250 (citing *Hendrix v. State,* 759 N.E.2d 1045, 1049 (Ind.2001)). Thus, our result is not dependent upon the disposition of the particular habitual offender allegation appended to the unlawful possession by a SVF.

Subject to this clarification of the procedural history of this case, we reaffirm our earlier opinion.

BAILEY, J., and NAJAM, J., concur.

---

**1.** The State has not filed a response to this petition.