SHEPARD, Chief Justice.
Michael Sweatt appeals from convictions for possession of a handgun by a serious violent felon and burglary. He argues that the trial court erred by enhancing his sentence for burglary under the general habitual offender statute based on the same prior felony conviction supporting the serious violent felon count. While we conclude that the enhancements themselves were proper, it nonetheless constituted error to order Sweatt’s sentences to run consecutively, creating a double enhancement similar to the one we disapproved in Mills v. State.
Facts and Procedural History
Late on the night of November 29, 2004, appellant Michael Sweatt persuaded Rochester Milam III and Jason Hamm to “hit” a house with him in order to make some money. They proceeded to the home of Kenneth Clarkson. After receiving no response to their knock at the front door of the unlighted house, the three men entered the garage, where they found computers, keyboards, and monitors. Milam and Hamm began carrying the computer equipment to Sweatt’s car while Sweatt entered the house through a door to the utility room.
Shortly thereafter, Milam followed Sweatt into the house. He proceeded to climb the stairs, then came back down after hearing noises that suggested the residents had awakened. As Milam tried to open the front door to leave, Clarkson, the homeowner, grabbed his arms from behind and began asking questions. While Milam tried to escape, Clarkson heard a gunshot from the direction of the utility room. When he looked that way, Clarkson saw a male pointing a gun toward him. Clarkson threw Milam toward the front door, told him to get out, and retreated behind the stairway as the other man fired two more shots at him.
Milam reached Sweatt’s car, where Hamm was already seated in the front passenger seat; Sweatt joined them from the direction of the garage. As Sweatt *83 drove away, Milam noticed several DVDs with the computer equipment in the back seat. Clarkson later reported these same items missing to police.
Sweatt eventually pulled the car over on 25th Street near Stoney Brook Middle School. All three men exited the vehicle; Milam went to the rear to urinate while Sweatt and Hamm went to the front. Mi-lam heard a gunshot and turned to see Sweatt standing over Hamm, who was lying on his back at the side of the road. Milam could tell that Hamm was dead. Sweatt and Milam drove back to Milam’s residence, and Sweatt kept a gun on his lap as they drove.
An autopsy later revealed that Hamm died from multiple gunshot wounds to the head. A forensics expert identified shell casings recovered from the Clarkson residence and from the area near Hamm’s body as being fired from the same weapon.
A jury found Sweatt guilty of burglary and possession of a handgun by a serious violent felon (SVF), both class B felonies, and of being an habitual offender. The jury could not reach a verdict on a count of murder. The SVF count and the habitual offender charge were both based on the same 1994 rape conviction. The trial court sentenced Sweatt to twenty years for each count, and enhanced the burglary count by thirty years for the habitual offender finding. The court ordered the sentences to run consecutively for a total of seventy years imprisonment.
In his appeal, Sweatt argued in part that the trial court erred by using the same prior conviction to sentence him as an habitual offender and to convict him of handgun possession by an SVF. (Appellant’s Br. at 16-18.) The Court of Appeals affirmed, following its earlier decision in Gray v. State, 786 N.E.2d 804 (Ind.Ct.App. 2003), which held that no sentencing error occurs when an habitual offender finding attaches to a different count from handgun possession by an SVF. Sweatt v. State, No. 49A02-0604-CR-303, slip op., 868 N.E.2d 921 (Ind.Ct.App. June 15, 2007). We granted transfer.
Double Enhancement Implications of Separate Counts
The line of Indiana cases involving the issue of double enhancement reflects an ongoing examination as to when courts may impose more severe sentences on defendants who have proven to be repeat offenders. Mills v. State, 868 N.E.2d 446 (Ind.2007). See Pedraza v. State, No. 49S04-0711-CR-516, 2008 WL 2133925, 887 N.E.2d 77 (Ind. May 22, 2008); State v. Downey, 770 N.E.2d 794 (Ind.2002); Devore v. State, 657 N.E.2d 740 (Ind.1995).
This case is another in that line. The question here is whether a given felony conviction can be the basis for an SVF count and also serve as grounds for an habitual offender finding. The habitual offender statute itself does not provide an answer. See Ind.Code Ann. § 35-50-2-8 (West 2007).
The Court of Appeals confronted the same question in Anderson v. State, 774 N.E.2d 906 (Ind.Ct.App.2002). Anderson was convicted of murder, possession of a firearm by an SVF, carrying a handgun without a license, and intimidation. At sentencing, the court attached the habitual offender penalty to the murder count, and it ordered all other sentences to be served consecutively, for an aggregate sentence of 104 years. The SVF count and the habitual offender count were supported by the same 1987 robbery conviction. Anderson appealed, arguing that under Conrad v. State, 747 N.E.2d 575 (Ind.Ct.App.2001), the trial court could not enhance his sentence under the habitual offender statute when that finding is based on the same *84 prior conviction as the SVF count.[1] The Anderson court distinguished Conrad, observing that Anderson’s habitual offender penalty attached to the murder count, not the SVF count.
[W]here a defendant is convicted of multiple felonies, one of which is possession of a firearm by a serious violent felon, and is found to be an habitual offender, Conrad does not preclude the use of one felony both to prove the defendant was a serious violent felon and an habitual offender, where the sentence for a felony conviction other than possession of a firearm by a serious violent felon is the sentence that is enhanced under the general habitual offender statute.
Anderson, 774 N.E.2d at 914.
We conclude that a court may avoid double enhancement by attaching the habitual to some offense other than the SVF, but, when counts are ordered served consecutively this is a distinction without a difference. Sweatt’s conviction for possession of a firearm by an SVF, based on his 1994 rape conviction, and his status as an habitual offender, based on the same 1994 rape but applied to the burglary conviction, do not by themselves create a double enhancement. The use of the same 1994 rape conviction to support both does not implicate Conrad because the enhancements operate on separate counts. Sweatt does not contend that either sentence, taken alone, constitutes an improper double enhancement, and we conclude that they pass muster separately.
The aggregate sentence, however, is a different matter. In sentencing an offender who has committed multiple crimes, trial courts face a decision as to whether the sentence on each count should run consecutively or concurrently, or a combination of both. Ind.Code Ann. § 35-50-1-2 (West 2007). In a case where separate counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively has the same effect as if the enhancements both applied to the same count.[2] This result is different only in form from the multiple enhancements the Court of Appeals found improper in Conrad. On the other hand, if the trial court orders the sentences to run concurrently, the enhancements, though duplicative in name, operate just once to increase the defendant’s term of imprisonment.[3]
The potential penalties flowing from various criminal acts are first and foremost a matter for legislative decision. The statutes applicable here do not conclusively answer the question, and the Rule of Lenity suggests that construction should be against the State. On remand, the trial *85 court may consider whether to alter Sweatt’s sentence to remedy this defect.
Conclusion
We affirm Sweatt’s convictions. We summarily affirm the Court of Appeals’ disposition of Sweatt’s other allegations of error. Ind. Appellate Rule 58(A). Except as otherwise indicated, we affirm.
SULLIVAN, and RUCKER, JJ„ concur.
BOEHM, J., concurs in part and dissents in part with separate opinion, in which DICKSON, J., concurs.

. We recently approved the Court of Appeals’ holding in Conrad that "a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a 'serious violent felon.’ ” Mills, 868 N.E.2d at 452.

. Compare Starks v. State, 523 N.E.2d 735 (Ind. 1988), in which we held the applicable statutes did not authorize two consecutive sentences where each was enhanced by an habitual offender finding.

.To avoid this problem altogether, the State may choose to forego the elevated felony count but keep the habitual offender charge. Sweatt’s charging information listed a fourth count for carrying a handgun without a license, a class A misdemeanor, which did not depend on Sweatt having any prior convictions and which eventually merged into the SVF count. (App. at 36-37, 223.) But for the SVF count, Sweatt could have been sentenced on this misdemeanor to as much as one year in prison, a sentence that would not have constituted double enhancement when combined with the habitual offender penalty.