**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 03 2013, 7:01 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**STEPHEN T. OWENS**
Public Defender of Indiana

**EMILY J. WITNEY**
Deputy Public Defender
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1209-PC-476 |
| | ) | |
| MARK M. HAIRSTON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Robert J. Schmoll, Senior Judge
Cause No. 02D04-0708-PC-95

**July 3, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Mark M. Hairston petitions for rehearing in *State v. Hairston*, No. 02A04-1209-PC-476 (Ind. Ct. App. Mar. 15, 2013), and requests that we vacate his ten-year repeat sexual offender enhancement. In our memorandum decision, we reversed the post-conviction court's decision to vacate Hairston's habitual offender finding on identity grounds. In reinstating Hairston's habitual offender adjudication, we resurrected an issue that the post-conviction court had deemed moot: whether the trial court impermissibly enhanced Hairston's sentence by imposing a consecutive sentence that includes a habitual offender enhancement and a repeat sexual offender enhancement, both based on the same predicate offense (his 1996 sexual battery conviction) and whether appellate counsel provided ineffective assistance of counsel in failing to raise the double enhancement issue in Hairston's direct appeal.[1] The post-conviction court never addressed the issue on its merits, and we grant Hairston's petition for the sole purpose of addressing the double enhancement issue. Because the applicable statutes do not explicitly authorize double enhancements and because the trial court imposed the enhancements consecutively, we conclude that Hairston's sentence runs afoul of the protection against double enhancements. We also conclude that his appellate counsel's failure to raise the issue on direct appeal amounts to ineffective assistance. As a result, his ten-year repeat sexual offender enhancement must be vacated, and we remand with instructions to adjust his sentencing accordingly. We affirm our original

---

[1] The post-conviction court specifically concluded, "Given the ruling above in this cause and the vacation of the Habitual Offender enhancement[,] the issue of the defendant's sentence being doubly enhanced is therefore rendered moot." Appellant's App. at 521.

decision in all other respects.

## Discussion and Decision

Double enhancements of a defendant's sentence are permissible only when there is explicit legislative direction authorizing them. *Dye v. State*, 972 N.E.2d 853, 857 (Ind. 2012). The rule is well-established and applies to all three types of statutes authorizing enhanced sentences for recidivist offenders: general habitual offenders, specialized habitual offenders, and progressive-penalty statutes. *Id.* at 856-57; *see*, *e.g.*, *Stanek v. State*, 603 N.E.2d 152, 153-54 (Ind. 1992) (vacating habitual offender enhancement where defendant's conviction had already been enhanced to class C felony pursuant to progressive-penalty statute governing habitual traffic law violators). Whether a particular double enhancement is permissible is therefore a matter of statutory interpretation. *Dye*, 972 N.E.2d at 857. Here, Hairston's sentence was enhanced under both the general habitual offender statute, Indiana Code Section 35-50-2-8, and the repeat sexual offender statute, Indiana Code Section 35-50-2-14. Neither statute explicitly authorizes the use of both enhancements in the same sentence.

In *Sweatt v. State*, 887 N.E.2d 81 (Ind. 2008), our supreme court noted the lack of express legislative direction in evaluating permissible and impermissible double enhancements. There, the alleged double enhancement involved the use of the same predicate offense, Sweatt's 1994 rape conviction, to support a general habitual offender finding and to serve as the basis for a serious violent felon ("SVF") designation. *Id.* at 83. The *Sweatt* court explained that a court may avoid the double enhancement problem by

3

attaching the habitual offender enhancement to a count separate from the SVF offense, i.e., a burglary count. *Id*. at 84. As such, each sentence, taken separately, would pass muster. *Id*. However, "where separate counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively has the same effect as if the enhancements both applied to the same count." *Id*. "On the other hand, if the trial court orders the sentences to run concurrently, the enhancements, though duplicative in name, operate just once to increase the defendant's term of imprisonment." *Id*. Noting that "the potential penalties flowing from various criminal acts are first and foremost a matter for legislative decision," our supreme court remanded with instructions that the trial court consider whether to revise Sweatt's sentence to remedy the defect. *Id*. at 85.

Here, the trial court attached the general habitual offender enhancement to Hairston's kidnapping conviction and the repeat sexual offender enhancement to his aiding in deviate sexual conduct conviction. However, the court imposed the sentences consecutively. Thus, Hairston's sentence contains an impermissible double enhancement. Unlike the defendants in *Stanek*, *Dye*, and *Sweatt*, however, Hairston raises the issue not as a freestanding claim, but rather within the framework of an ineffective assistance of counsel claim. Ind. Post-Conviction Rule 1(8). As such, it must be examined within the framework of the two-pronged *Strickland* test. To prevail on an ineffective assistance claim, the petitioner must satisfy two components, i.e., he must demonstrate both deficient performance and prejudice resulting from it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Hairston's ineffective assistance claim concerns his appellate counsel's failure to raise

the double enhancement issue. The standard of review for a claim of ineffective assistance of appellate counsel is identical to the standard for trial counsel. *Lowery v. State*, 640 N.E.2d 1031, 1048 (Ind. 1994), *cert. denied* (1995). The petitioner must establish deficient performance by appellate counsel resulting in prejudice. *Id.* "Ineffective assistance of appellate counsel claims generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of issues, and (3) failure to present issues well." *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). In evaluating whether appellate counsel performed deficiently by failing to raise an issue on appeal, we apply the following test: (1) whether the unraised issue is significant and obvious from the face of the record and (2) whether the unraised issue is "clearly stronger" than the raised issues. *Id.* at 645.

Here, appellate counsel challenged the appropriateness of Hairston's aggregate 147-year sentence pursuant to Indiana Appellate Rule 7(B). In the midst of counsel's research and analysis of the sentence, he should have taken note of the various components that contributed to such a lengthy term. Two of the components were sentence enhancements, one based on the general habitual offender statute (a thirty-year enhancement) and the other based on the repeat sexual offender statute (a ten-year enhancement). Both enhancements were based on the same predicate offense, his 1996 sexual battery conviction. These enhancements accounted for forty years of his 147-year sentence, and based on the rule espoused in *Stanek* and its progeny, appellate counsel should have raised the issue of double enhancement. The issue was significant and obvious in the record and was clearly stronger than a general challenge to the appropriateness of Hairston's sentence. In failing to raise it,

5

counsel performed deficiently. Accordingly, we remand to the post-conviction court with instructions to issue an amended sentencing order vacating Hairston's ten-year repeat sexual offender enhancement.

We affirm our original decision in all other respects.

KIRSCH, J., and BARNES, J., concur.