## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 28 2015, 6:33 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathan G. McPherson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 28, 2015

Court of Appeals Case No. 20A04-1409-CR-428

Appeal from the Elkhart Superior Court

The Honorable George W. Biddlecome, Judge

Case No. 20D03-1206-FA-30

**Vaidik, Chief Judge.**

# Case Summary

[1] Jonathan G. McPherson sold cocaine twice to a confidential informant from his house, which was directly across the street from a Boys and Girls Club.

McPherson was convicted of two counts of Class A felony dealing in cocaine (within 1000 feet of youth-program center), Class D felony maintaining a common nuisance, and Class B felony unlawful possession of a firearm by a serious violent felon (SVF); he was also found to be a habitual offender. The trial court sentenced him to an aggregate term of ninety-three years.

[2] McPherson appeals raising several issues. First, he contends that his habitual-offender enhancement and SVF conviction are an impermissible double enhancement because they are based on the same prior felony. Second, he contends that the evidence is insufficient to prove that he dealt cocaine within 1000 feet of a youth-program center. Last, he contends that the evidence is insufficient to support his habitual-offender enhancement because the State did not prove that he was the one who committed the prior unrelated felonies.

[3] We conclude that the trial court erred by ordering McPherson's SVF sentence and habitual-offender enhancement to run consecutively. We therefore remand this case with instructions to run McPherson's sentence for unlawful possession of a firearm by a SVF concurrently, resulting in a new aggregate sentence of seventy-five years. However, we conclude that the evidence is sufficient to prove that the Boys and Girls Club is a youth-program center and that the "Jonathan G. McPherson" in this case is the same person who was convicted of the prior unrelated felonies.

# Facts and Procedural History

[4] On May 16 and May 18, 2012, McPherson sold cocaine to different confidential informants working with the Elkhart Police Department. McPherson conducted both sales at his house, 412 Brady Street, in Elkhart. Directly across the street from McPherson's house, located at 411 Brady Street, is "Cornerstone Ministries Boy's and Girl's Club." The sign on the building reads:

> Cornerstone Ministries Boy's and Girl's Club
> By Sandy Ridge Mennonite Church
> Meet Every Wednesday 5:30 p.m.

Ex. 9 (phone numbers omitted). Detective Tim Freel, who used to live in the neighborhood, explained that the Boys and Girls Club "would have different groups of children come in there; typically, on a Wednesday night they had a program called 'Wednesday Night Club.'"[1] Tr. p. 391. He added that children often played basketball outside at the Club. *Id.* at 391-92. In addition, Detective Andrew Whitmyer, who participated in the surveillance of McPherson's house on May 16, recalled seeing more children than usual at the Boys and Girls Club that day. *Id.* at 272. He observed both "younger" and "older" kids playing and said that the activities appeared to be organized. *Id.* at 272, 273.

---

[1] Detective Freel testified that he lived in a house in the neighborhood as part of the "Officer Next Door" program, which provided rent-free housing to officers who lived in troubled neighborhoods. Tr. p. 391.

[5] Elkhart police officers obtained and executed a search warrant for McPherson's house on May 29. McPherson and his girlfriend were home at the time. The officers found two digital scales with powdery residue and baggies with cut-off corners. The officers also found a loaded .40 caliber semiautomatic pistol inside a purse, a box of .40 caliber ammunition in a tote, and a loaded magazine for the pistol inside the pocket of a red sweatshirt—all in the master bedroom that McPherson used.

[6] Detective Freel read McPherson his *Miranda* rights and then began to question him. McPherson admitted to "selling drugs from the house," "admitted to a firearm that was found inside the house," knew that his house was directly across the street from the Boys and Girls Club, and admitted that the $804 in cash found on his person was "proceeds from drug sales." *Id.* at 382. Although no drugs were found during the search of McPherson's house, McPherson explained that he "was currently out of drugs and that he was planning to . . . re-up, or purchase more drugs, so that he could sell those drugs later on that afternoon." *Id.* at 383. Finally, McPherson admitted that he had a prior felony conviction for dealing in cocaine and that as a result of that felony conviction, he could not possess a firearm. *Id.* at 493-94.

[7] The State charged McPherson with two counts of Class A felony dealing in cocaine (within 1000 feet of youth-program center) for the controlled buys on May 16 and 18, 2012; Class D felony maintaining a common nuisance for drug activities at his house on or between May 16 and 29; and Class B felony unlawful possession of a firearm by a SVF for the firearm found during the May

search of his house. The State alleged that McPherson was a SVF as a result of his 1997 conviction in Elkhart County for Class B felony dealing in cocaine. State's Ex. 201; *see also* Ind. Code Ann. § 35-47-4-5(b)(23) (West 2012) (classifying dealing in cocaine as a serious violent felony). The State also alleged that McPherson was a habitual offender. For the two prior unrelated felony convictions, *see* Ind. Code Ann. § 35-50-2-8 (West 2012), the State used McPherson's 1997 dealing-in-cocaine conviction as well as McPherson's 2008 conviction in Elkhart County for criminal recklessness resulting in serious bodily injury.

[8]     McPherson's jury trial was conducted in three phases. During the first phase, the jury found McPherson guilty of both dealing counts and maintaining a common nuisance. During the second phase, the jury found McPherson guilty of unlawful possession of a firearm by a SVF. During the third and final phase, the jury found that McPherson was a habitual offender. The trial court sentenced McPherson to an aggregate term of forty-five years for the dealing and maintaining-a-common-nuisance convictions. The court then sentenced McPherson to a consecutive term of eighteen years for unlawful possession of a firearm by a SVF. Finally, for the habitual-offender finding, the court sentenced McPherson to "an additional thirty (30) years" at the DOC; the court explained that the habitual-offender enhancement "applies only to the Dealing in Cocaine [convictions] and not to the [SVF] in Possession of a Handgun" conviction. Tr. p. 579. The court reasoned:

[T]he law is clear that you cannot use the same crime to elevate a conviction to a B felony for . . . [SVF] in Possession of a Firearm, and also an Habitual Offender Enhancement that applies to that conviction. However, I don't think that . . . there's any prohibition of using the two felonies which the [S]tate used to establish that the defendant is an habitual criminal, even though one of the two was the same one that enhanced the [SVF] in Possession of a Firearm to a "B" felony.

*Id.* at 579-80.

McPherson now appeals his aggregate sentence of ninety-three years.

# Discussion and Decision

McPherson raises four issues on appeal, which we reorder and restate as follows. First, he contends that his habitual-offender enhancement and SVF conviction are an impermissible double enhancement because they are based on the same prior felony. Second, he contends that the evidence is insufficient to prove that he dealt cocaine within 1000 feet of a youth-program center. Last, he contends that the evidence is insufficient to support his habitual-offender enhancement because the State did not prove that he was the one who committed the prior unrelated felonies.

# I. Double Enhancement

McPherson contends that his habitual-offender enhancement and SVF conviction "constitute an impermissible double enhancement" since they are based on the same prior felony: his 1997 dealing-in-cocaine conviction. Appellant's Br. p. 8. Citing *Sweatt v. State*, 887 N.E.2d 81 (Ind. 2008), and

*Pedraza v. State*, 887 N.E.2d 77 (Ind. 2008), the State concedes that the "trial court's decision that McPherson's SVF sentence could be served consecutively to his habitual-offender enhanced sentences is incorrect." Appellee's Br. p. 6.

[12] We agree that the trial court erred in ordering McPherson's SVF sentence and habitual-offender enhancement to run consecutively. In *Sweatt*, a jury found Sweatt guilty of Class B felony burglary, Class B felony unlawful possession of a firearm by a SVF, and also of being a habitual offender. The trial court sentenced Sweatt to twenty years for each count, to be served consecutively, and then enhanced the burglary conviction by thirty years for the habitual-offender finding, for an aggregate term of seventy years. On appeal, Sweatt argued that the trial court erred by enhancing his burglary sentence under the habitual-offender statute because the same prior felony conviction—his 1994 rape conviction— was used to establish that he was a SVF. The Indiana Supreme Court framed the issue as whether a given felony conviction can be the basis for an SVF count and also serve as grounds for a habitual-offender finding. *Sweatt*, 887 N.E.2d at 83. The Court concluded:

> Sweatt's conviction for possession of a firearm by an SVF, based on his 1994 rape conviction, and his status as an habitual offender, based on the same 1994 rape but applied to the burglary conviction, do not by themselves create a double enhancement.

*Id.* at 84. The Court explained that a trial court may avoid double enhancement by attaching the habitual "to some offense other than the SVF, but, when counts are ordered served consecutively this is a distinction without a difference." *Id.* The Court continued:

In sentencing an offender who has committed multiple crimes, trial courts face a decision as to whether the sentence on each count should run consecutively or concurrently, or a combination of both. Ind. Code Ann. § 35-50-1-2 (West 2007). In a case where separate counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively has the same effect as if the enhancements both applied to the same count. This result is different only in form from the multiple enhancements the Court of Appeals found improper in *Conrad* [*v. State*, 747 N.E.2d 575 (Ind. Ct. App. 2001), *trans. denied*]. On the other hand, if the trial court orders the sentences to run concurrently, the enhancements, though duplicative in name, operate just once to increase the defendant's term of imprisonment.

*Id.* (footnotes omitted). The Court remanded the case to the trial court to consider "whether to alter Sweatt's sentence to remedy this defect." *Id.* at 84-85.

[13] Here, the trial court *thought* it was avoiding an impermissible double enhancement by attaching the habitual to McPherson's dealing convictions[2]—as opposed to his SVF conviction—but still ordering the sentences to run consecutively. However, as our Supreme Court explained in *Sweatt*, consecutive sentences are "a distinction without a difference." *Id.* at 84. The Court reasoned that when the sentences are run concurrently, the enhancements "operate just once to increase the defendant's term of

_____

[2] "It is well settled that an 'habitual offender finding does not constitute a separate crime nor does it result in a separate sentence, rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony.'" *Stephens v. State*, 10 N.E.3d 599, 603 n.5 (Ind. Ct. App. 2014) (quoting *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001)); *see also Lewis v. State*, 774 N.E.2d 941, 942 (Ind. Ct. App. 2002) (noting that a habitual-offender enhancement "can only be imposed upon one felony conviction" and that the trial court has discretion to choose which felony sentence to enhance). Accordingly, the trial court here should have attached the habitual-offender enhancement to just one of McPherson's dealing convictions. On remand, the trial court should fix this error.

imprisonment." *Id.* Because running the sentences concurrently cures any error, we remand this case to the trial court with instructions to run McPherson's sentence for unlawful possession of a firearm by a SVF concurrently.[3] This will result in an aggregate sentence of seventy-five years as opposed to ninety-three years.[4]

## II. Youth-Program Center

[14] Next, McPherson contends that the evidence is insufficient to prove that he dealt cocaine within 1000 feet of a youth-program center, which elevated his dealing convictions to Class A felonies. Our standard of review for sufficiency claims is well settled. In reviewing a claim challenging the sufficiency of the evidence, we do not reweigh the evidence or reassess the credibility of the witnesses. *Sewell v. State*, 973 N.E.2d 96, 100 (Ind. Ct. App. 2012). We consider only the evidence most favorable to the judgment and the reasonable inferences drawn therefrom. *Id.* We will affirm if the evidence and those

---

[3] McPherson also contends that his trial counsel was ineffective for failing "to object to the trial court running" the sentences consecutively. Appellant's Br. p. 8. In light of our resolution above, we do not need to reach the issue of ineffective assistance of trial counsel.

[4] McPherson appears to argue that we should extend the Indiana Supreme Court's rehearing opinion in *Dye v. State*, 984 N.E.2d 625 (Ind. 2013). In *Dye*, our Supreme Court held that "the State is not permitted to support [a defendant's] habitual offender finding with a conviction that arose out of the same *res gestae* that was the source of the conviction used to prove [the defendant] was a serious violent felon." *Id.* at 630. We, however, decline McPherson's invitation to extend *Dye*. *See* Appellant's Br. p. 14 ("The Defendant contends that this Court should go further, re-examine *Anderson v. State*, 774 N.E.2d at 906, and find that based on the rationale set forth in *Dye v. State* that any sentence, regardless of multiple counts, where the same prior felony conviction is used to enhance a person's conviction and sentence is an impermissible double enhancement.").

inferences constitute substantial evidence of probative value to support the verdict. *Id.*

[15] When McPherson committed the crimes in this case, dealing in cocaine could be enhanced to a Class A felony if it occurred "within one thousand (1,000) feet of . . . a youth program center."[5] Ind. Code Ann. § 35-48-4-1(b)(3)(B)(iv) (West 2012) (formatting altered). Youth-program center is defined as:

> (1) A building or structure that on a regular basis provides recreational, vocational, academic, social, or other programs or services for persons less than eighteen (18) years of age.
>
> (2) The real property on which a building or structure described in subdivision (1) is located.

Ind. Code § 35-31.5-2-357(a). This statute "neither explicitly nor implicitly places any limitation on the content of the programs offered or the purposes for which children are present." *Whatley v. State*, 928 N.E.2d 202, 207 (Ind. 2010). The only relevant characteristic of the programs and services offered is whether they were provided on a regular basis to people less than eighteen years of age. *Id.*

---

[5] Under the newly amended criminal code, a youth-program center no longer can be used to enhance the level of the crime. *See* Ind. Code § 35-48-4-1; Ind. Code § 35-31.5-2-117.5; Ind. Code § 35-48-1-16.5. Specifically, Indiana Code section 35-48-1-16.5(3)(B), which became effective July 1, 2014, provides that a conviction can be enhanced if the person committed the offense within 500 feet of:

> (i) school property while a person under eighteen (18) years of age was reasonably expected to be present; or
>
> (ii) a public park while a person under eighteen (18) years of age was reasonably expected to be present.

McPherson argues that the State failed to prove that the Boys and Girls Club, which was located directly across the street from him, "provided regular recreational, vocational, academic, social, or other programs to youth." Appellant's Br. p. 18. To the contrary, evidence was presented at trial that Cornerstone Ministries and Sandy Ridge Mennonite Church operated the Boys and Girls Club and that the Club offered meetings, called the "Wednesday Night Club," every Wednesday at 5:30 p.m. Ex. 9; Tr. p. 391. In addition, the evidence also showed that children were often playing basketball outside the Club. This evidence is sufficient to prove that the Boys and Girls Club is a youth-program center. *See Sewell*, 973 N.E.2d at 100-01 (holding that evidence that showed the church held weekly meetings for students in junior high school and high school and on Sundays for youth choir and youth group was sufficient to establish that the church was a youth-program center). We therefore affirm McPherson's Class A felony dealing convictions.

## III. Habitual-Offender Enhancement

Last, McPherson contends that the evidence is insufficient to prove that he is the one who committed the two prior unrelated felonies that the State used to establish that he was a habitual offender. The standard of review for sufficiency of a habitual-offender enhancement is the same as for any other sufficiency claim. *See Woods v. State*, 939 N.E.2d 676, 677 (Ind. Ct. App. 2010), *trans. denied*.

[18] The sentence of a person convicted of a felony may be enhanced by up to thirty years if he is a habitual offender. *Dexter v. State*, 959 N.E.2d 235, 237 (Ind. 2012). Under the statute in effect when McPherson committed the crimes in this case, the habitual-offender enhancement was available when the State proved beyond a reasonable doubt that the defendant had been convicted of two prior unrelated felonies. *Id.*; *see also* Ind. Code Ann. § 35-50-2-8 (West 2012). In order to prove that McPherson was a habitual offender, the State alleged that the two prior unrelated felonies were his 1997 dealing-in-cocaine conviction in Case No. 20D02-9606-CF-55 and his 2008 criminal-recklessness conviction in Case No. 20D01-0701-FC-1. Appellant's App. p. 509. McPherson claims that the State failed to meet its burden of proving that he was the one who was convicted of the 1997 and 2008 felonies because his first name is spelled "Jonath*o*n" in the certified documents for the 1997 case but "Jonath*a*n" in the certified documents for the 2008 case. *Compare* Ex. 201 (1997 documents) *with* Ex. 301 (2008 documents). McPherson also points out that one of the habitual-offender jury instructions incorrectly lists the Case No. of the 1997 case as ending in "51" when in fact it ends in "55." *See* Appellant's App. p. 222 (Instruction No. 4).

[19] Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. *Tyson v. State*, 766 N.E.2d 715, 718 (Ind. 2002). While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. *Id.* If the evidence yields logical and

reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was the defendant who was convicted of the prior felony, then a sufficient connection has been shown. *Id.*

[20] Here, the evidence yields logical and reasonable inferences linking McPherson to the 1997 and 2008 felonies. First, McPherson admitted during his interview with Detective Freel that he had a prior felony conviction for dealing in cocaine and that as a result of that felony conviction, he could not possess a firearm. Tr. p. 493-94.[6] The certified documents for McPherson's 1997 dealing-in-cocaine conviction, State's Exhibit 201, corroborate his admission that he was convicted of dealing in cocaine. These documents also list McPherson's birthdate as April 21, 1975, and his middle initial as "G." Ex. 201. Notably, the same birthdate and middle initial also appear in the certified documents for McPherson's 2008 criminal-recklessness conviction, State's Ex. 301. Although the captions of the certified documents in State's Exhibit 201 appear to misspell McPherson's first name with an "o" instead of an "a," the plea agreement in State's Exhibit 201 contains McPherson's signature, which he signs "Jonathan." State's Ex. 201 (plea agreement filed April 28, 1997). The plea agreement in State's Exhibit 301 also contains McPherson's signature. *See* State's Ex. 301 (plea agreement filed September 22, 2008). And although Instruction No. 4 erroneously lists the Case No. as ending in "51" when it

---

[6] The trial court incorporated the evidence from the first two phases of trial into the habitual-offender phase. Tr. p. 533.

actually ends in "55," the Case No. is correct in all of the certified documents contained in State's Ex. 301. Moreover, another jury instruction, Instruction No. 1, includes a copy of the habitual-offender charging information, which correctly lists the Case No. as ending in "55." Appellant's App. p. 218-19.

[21] Although the trial court acknowledged the "paucity of information with respect to [McPherson's] identity," Tr. p. 561, the court concluded that the evidence was sufficient to support the habitual-offender enhancement because McPherson's "date of birth was stated on those documents, so his date of birth is not subject to dispute."[7] *Id.* at 561-62. The trial court also noted that the plea agreements in the 1997 and 2008 cases "were signed by the same person." *Id.* at 562. We conclude that this evidence is sufficient to prove that the "Jonathan G. McPherson" in this case is the same person who was convicted of the 1997 and 2008 felonies. *See Lewis v. State*, 769 N.E.2d 243, 246-47 (Ind. Ct. App. 2002) (finding sufficient evidence to support habitual-offender enhancement where the defendant's social-security number, weight, and height in the documents supporting the two prior unrelated felony convictions matched the defendant's identifying information in the documents supporting the current conviction), *aff'd on reh'g*, 774 N.E.2d 91 (Ind. Ct. App. 2002), *trans. denied*; *see also Tyson*, 766 N.E.2d at 718 (finding sufficient evidence to support habitual-offender enhancement because "the name [of] the offender and other

---

[7] During the sentencing hearing in this case, McPherson testified that his birthdate was April 21, 1975. Tr. p. 567.

identifying information match the defendant."). We therefore affirm McPherson's habitual-offender enhancement.

[22] Affirmed in part, reversed in part, and remanded.

Kirsch, J., and Bradford, J., concur.