# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2017, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric D. Huffman, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 9, 2017 <br><br> Court of Appeals Case No. <br> 90A02-1612-CR-2791 <br><br> Appeal from the Wells Circuit Court <br><br> The Honorable Kenton W. Kiracofe, Judge <br><br> Trial Court Cause No. <br> 90C01-1512-F4-13 |

**Robb, Judge.**

# Case Summary and Issue

[1] Eric Huffman was found guilty by a jury of burglary, theft, and possession of a firearm. He thereafter admitted to prior convictions that established his status as a serious violent felon and an habitual offender. The trial court sentenced Huffman to twelve years for burglary, enhanced by fifteen years due to the habitual offender finding, to two and one-half years for theft, and to twelve years for unlawful possession of a firearm by a serious violent felon. All sentences were ordered to be served consecutively, resulting in a total sentence of forty-one and one-half years.

[2] Huffman appeals his sentence, raising two issues, of which we find the following dispositive: whether the trial court erred in ordering his sentence for unlawful possession of a firearm by a serious violent felon and his enhanced sentence for burglary to be served consecutively. We conclude and the State concedes the trial court did err because the habitual offender enhancement to the burglary sentence and the serious violent felon status are based on the same prior conviction, and consecutive sentences on those two counts are an impermissible double enhancement. We therefore reverse and remand to the trial court to correct Huffman's sentence.[1]

---

[1] Huffman's second appellate issue is whether his forty-one and one-half-year sentence is inappropriate. Because we reverse this sentence, we need not address this issue.

## Facts and Procedural History

Based on an incident occurring on December 28, 2015, the State charged Huffman with burglary, a Level 4 felony; theft of a firearm, a Level 6 felony; and unlawful possession of a firearm by a serious violent felon, a Level 4 felony. The information for unlawful possession alleged Huffman was a serious violent felon due to a previous conviction for escape, a Class C felony, in cause number 05C01-1212-FC-452. The State also alleged Huffman was an habitual offender based on prior convictions for theft in cause number 05C01-0908-FB-43 and escape in cause number 05C01-1212-FC-452.

A jury found Huffman guilty of burglary, theft, and possession of a firearm. Huffman then admitted to having prior convictions for escape and theft, establishing his status as an habitual offender and a serious violent felon. The trial court sentenced Huffman to the maximum term of twelve years for burglary, enhanced by fifteen years for the habitual offender finding; the maximum term of two and one-half years for theft; and the maximum term of twelve years for unlawful possession of a firearm by a serious violent felon. The trial court ordered the sentences to be served consecutively, for a total sentence of forty-one and one-half years.

## Discussion and Decision

The general rule regarding multiple sentence enhancements is that the trial court cannot impose a double enhancement absent express authority from the

legislature. *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010). Whether a defendant has been subjected to an improper double enhancement of his sentence is a matter of law that we review de novo. *Schnepp v. State*, 768 N.E.2d 1002, 1004 (Ind. Ct. App. 2002), *trans. denied*.

[6] Huffman contends the trial court erred in ordering his burglary sentence—enhanced by the habitual offender finding—and his unlawful possession of a firearm by a serious violent felon sentence to be served consecutively because the same prior conviction was used to establish his status as both an habitual offender and a serious violent felon. In *Sweatt v. State*, 887 N.E.2d 81 (Ind. 2008), our supreme court confronted virtually the same scenario. The defendant in *Sweatt* was convicted of burglary and unlawful possession of a firearm by a serious violent felon. The trial court sentenced the defendant to twenty years on each count and enhanced the burglary count by thirty years due to an habitual offender finding. The defendant argued the trial court erred by using the same prior conviction to sentence him as an habitual offender and to convict him of unlawful possession of a firearm by a serious violent felon. The court held using a single prior felony conviction as the basis for a serious violent felon count and also as grounds for an habitual offender finding does not by itself create a double enhancement. *Id.* at 84. The trial court may avoid a double enhancement problem in that situation by attaching the habitual enhancement to an offense other than the serious violent felon count so the enhancements operate on different counts. *Id.* However, "when counts are ordered served consecutively this is a distinction without a difference" because

"where separate counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively has the same effect as if the enhancements both applied to the same count." *Id.*

The State concedes that *Sweatt* dictates Huffman's sentence in this case is improper. *See* Brief of Appellee at 11-12. We agree. The finding that Huffman was an habitual offender was based in part on his prior escape conviction; his status as a serious violent felon was based on that same escape conviction. Because the enhancements of two separate counts were based on the same prior conviction, ordering the sentences to be served consecutively constitutes an improper double enhancement.

# Conclusion

We reverse Huffman's sentence and remand to the trial court to resentence Huffman to concurrent terms on the burglary and unlawful possession counts so as to alleviate the double enhancement.

Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.