# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**TERI A. FLORY**
Flory and Smith
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 26 2013, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

PAUL M. BROCK,                    )
                                 )
    Appellant-Defendant,         )
                                 )
vs.                              )        No. 79A04-1208-CR-433
                                 )
STATE OF INDIANA,                )
                                 )
    Appellee-Plaintiff.          )

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Carl E. Van Dorn, Senior Judge
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1201-FC-1

**February 26, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Paul M. Brock ("Brock") was convicted in Tippecanoe Superior Court of Class C felony auto theft, Class D felony intimidation, Class A misdemeanor operating a vehicle while intoxicated, Class A misdemeanor resisting law enforcement, and Class A misdemeanor striking a law enforcement animal, and was also found to be an habitual offender. The trial court sentenced Brock to an aggregate sentence of twelve years, with eleven years executed and one year suspended to probation. Brock appeals and presents three issues, which we restate as:

I. Whether the trial court abused its discretion in considering as an aggravating factor that Brock had a history of rules violations when previously incarcerated;

II. Whether the sentence imposed by the trial court constitutes impermissible double enhancement of Brock's sentence; and

III. Whether Brock's sentence is inappropriate in light of the nature of the offenses and the character of the offender.

We affirm.

**Facts and Procedural History**

On the night of January 6, 2012, Crystal Cochran ("Cochran"), a manager of a gas station convenience store in Lafayette, Indiana, was preparing to finish her shift. In preparation, she started her car and left it running so that it would be warmed up when she was ready to leave. When she went back inside the store, she saw a regular customer, later identified as Brock. Shortly after Cochran came back inside, Brock left the store, got into Cochran's car, and drove away. Cochran telephoned the police and informed them that someone had just stolen her car.

The police quickly located Brock driving Cochran's stolen car and stopped the vehicle. When the police attempted to place handcuffs on Brock, he pulled away from the officers. One of the officers was accompanied by a police dog, and he used the dog to help subdue Brock. Brock responded by kicking the dog twice in the head. The police observed that Brock appeared to be intoxicated. As the police transported Brock to the hospital, Brock told the officers that he wanted out of the handcuffs so that he could "whoop [their] ass[es]," and further stated that he would "hunt down" every officer involved in his arrest and "eat their children, dogs, and entire families when he found them." Appellant's App. p. 15. A blood test taken at the hospital revealed that Brock had a blood alcohol concentration ("BAC") of .26.

On January 11, 2012, the State charged Brock as follows: Count I, Class C felony auto theft with a prior conviction of auto theft; Count II, Class C felony auto theft; Count III, Class A misdemeanor resisting law enforcement; Count IV, Class D felony intimidation; Count V, Class A misdemeanor operating a vehicle while intoxicated endangering a person; Count VI, Class A misdemeanor operating a vehicle while intoxicated with a BAC of at least .15; and Count VII, Class A misdemeanor striking a law enforcement animal. The State later amended Count II to a Class D felony and also added an allegation that Brock was an habitual offender.

On July 2, 2012, Brock pleaded guilty to all counts without a plea agreement. The trial court accepted the plea and held a sentencing hearing on August 2, 2012. The court found as mitigating that Brock pleaded guilty without a plea agreement, had a history of employment, and had mental health issues. The trial court found as aggravating that

3

Brock had an extensive criminal history, was on probation at the time of the instant offenses, had a history of substance abuse, had previously violated rules when incarcerated, and that prior attempts at rehabilitation had failed.

The trial court merged Count II into Count I and Count V into Count VI. The court then sentenced Brock to seven years on the Class C felony conviction in Count I, two years on the Class D felony conviction in Count IV, and one year each on the Class A misdemeanor convictions in Counts III, VI, and VII. The sentences on Counts I, IV, and VI were ordered to be served consecutively to each other, and the sentences on Counts III and VII were ordered to be served concurrently with the other sentences. The trial court attached the habitual offender enhancement to Count IV, enhancing the Class D felony conviction for intimidation by two years. Thus, the trial court sentenced Brock to an aggregate term of twelve years. The trial court also ordered Brock to serve eleven of these years executed, with one of the years executed in community corrections, and suspended one year to probation. Brock now appeals.

## I. Improper Aggravating Factor

Brock first claims that the trial court abused its discretion by considering an improper aggravating factor, i.e., that Brock had a history of rules violations during his previous periods of incarceration. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. A trial court may abuse its sentencing discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting

4

mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Id. at 490-91. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence under the advisory sentencing scheme, it cannot now be said to have abused its discretion in failing to properly weigh such factors. Id. at 491.

Brock acknowledges that a defendant's behavior during incarceration may be considered as an aggravating factor, as it relates to the risk that the defendant will commit another crime. See Anderson v. State, 798 N.E.2d 875, 880-81 (Ind. Ct. App. 2003). However, Brock claims that there was an insufficient factual basis for the trial court's finding that he had violated the rules when previously incarcerated. We disagree.

The pre-sentencing investigation report ("PSI") included a document prepared by the Kansas Department of Corrections indicating that six disciplinary reports had been filed against Brock while incarcerated in that state. Appellant's App. p. 154-55. Brock had the opportunity to review the PSI but made no objection to the information therein pertaining to his behavior while incarcerated. See Tr. p. 33-34. Thus, Brock did have the opportunity to challenge the factual basis of the aggravating factor he now challenges on appeal, but failed to do so. And he cannot now challenge this factual basis for the first time on appeal.

Still, even if we were to agree with Brock with regard to the propriety of this aggravating factor, remand for resentencing is an appropriate remedy only if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. Anglemyer, 868 N.E.2d at

5

490. Here, the trial court found several other aggravating factors, including: Brock's significant criminal history, which includes ten prior felony convictions and over twenty prior misdemeanor convictions; that Brock was on probation at the time of the current offense; and that prior attempts at rehabilitation have failed. Given these aggravating factors, none of which Brock challenges on appeal, we can say with confidence that the trial court would have imposed the same sentence even if it had not considered Brock's behavior while incarcerated as an aggravating factor.[1]

## II. Habitual Offender Enhancement

Brock next claims that the trial court erred in ordering the sentence enhanced by the general habitual offender statute to run consecutively with his sentence for auto theft. Our supreme court has held that "a defendant convicted under a progressive penalty statute 'may not have his or her sentence enhanced under the *general* habitual offender statute by proof of the same felony . . . .' used to elevate the underlying charge." Beldon v. State, 926 N.E.2d 480, 483 (Ind. 2010) (quoting Mills v. State, 868 N.E.2d 446, 452 (Ind. 2007) (emphasis supplied in Beldon).

Here, Brock's conviction for auto theft was elevated to a Class C felony based on his prior conviction for auto theft in 2011. See Appellant's App. p. 7. However, this same offense was not then used again to support the general habitual offender enhancement. To the contrary, the predicate offenses supporting the general habitual

---

[1] Furthermore, if we conclude that the trial court has abused its discretion in sentencing, we need not remand for resentencing if the sentence imposed is not inappropriate. Chappell v. State, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012), trans. denied; see also Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (noting that when trial court errs in sentencing defendant, court on appeal may exercise authority to review and revise sentence instead of remanding for resentencing). As discussed infra, we conclude that Brock's sentence is not inappropriate.

6

offender enhancement were Brock's 1998 conviction for Class D felony residential entry and his 2006 conviction for Class D felony theft. Thus, in the present case, there is no issue with using the same prior felony conviction to both elevate the charge and support an enhancement under the general habitual offender statute.

Still, our supreme court in Beldon also stated that "'*[A]bsent explicit legislative direction*, a sentence imposed following conviction under a progressive penalty statute may not be increased further under either the general habitual offender statute or a specialized habitual offender statute.'" Id. (quoting State v. Downey, 770 N.E.2d 794, 796 (Ind. 2002)). Brock claims that his conviction for auto theft was a progressive penalty conviction because it was elevated to a Class C felony based on his prior conviction for auto theft. We agree. See Davis v. State, 935 N.E.2d 1215, 1218 (Ind. Ct. App. 2010) (treating conviction for Class C felony auto theft as a conviction under a progressive penalty statute), trans. denied.

We disagree, however, with Brock's assertion that his conviction under this progressive penalty statute was further enhanced by the general habitual offender statute. The trial court here clearly attached the habitual offender enhancement to Brock's conviction for Class D felony intimidation, not his elevated conviction for Class C felony auto theft.

This case is therefore distinguishable from Dye v. State, 972 N.E.2d 853 (Ind. 2012). In Dye, the defendant was convicted of possession of a firearm by a serious violent felon ("SVF") based upon his 1998 conviction for battery with a deadly weapon. Dye's sentence on his SVF conviction was then enhanced under the general habitual

7

offender statute based upon his 1998 conviction for possession of a handgun within 1,000 feet of a school and his 1993 conviction for forgery. Our supreme court held that the SVF conviction was pursuant to a progressive penalty statute and that, therefore, the sentence on this conviction could not be further enhanced by the general habitual offender statute. Id. at 858.

In contrast, here Brock's sentence for auto theft was elevated to a Class C felony under a progressive penalty statute, but was *not* further enhanced by the general habitual offender statute. Instead, the trial court explicitly attached the general habitual offender enhancement to Brock's sentence for intimidation.[2]

Brock nevertheless claims that he was subject to double enhancement because the trial court ordered his sentence for intimidation, which was enhanced by the general habitual offender statute, to run consecutively to the sentence for auto theft, which was elevated under a progressive penalty statute. But this does not mean that the sentence for auto theft was *itself* enhanced under the general habitual offender statute.

We acknowledge our supreme court's opinion in Sweatt v. State, 887 N.E.2d 81 (Ind. 2008), but find it readily distinguishable. In Sweatt, the defendant's SVF conviction and his status as an habitual offender were both based on the same prior rape

---

[2] This is a significant difference. Had the trial court attached the general habitual offender enhancement to the already-elevated conviction for Class C felony auto theft, Brock would have been subject to an habitual offender enhancement of four to twelve years. See Ind. Code § 35-50-2-8 (providing habitual offender enhancement must be equivalent to at least the advisory sentence but no more than three times the advisory); Ind. Code § 35-50-2-6 (providing that advisory sentence for a Class C felony is four years). Such double enhancement is prohibited. See Beldon, 926 N.E.2d at 483. However, because the trial court was required by case law to attach the general habitual offender enhancement to the Class D felony intimidation conviction, Brock was subject to an enhancement of only one and one-half to four and one-half years. See I.C. § 35-50-2-8; Ind. Code § 35-50-2-7 (providing that advisory sentence for Class D felony is one and one-half years).

conviction. But the habitual offender enhancement was applied to the defendant's conviction for burglary, not his SVF conviction. Our supreme court held that this "d[id] not . . . create a double enhancement" because the prior rape conviction supported enhancements that operated on separate counts. Id. at 84. However, the court held that "where separate counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively has the same effect as if the enhancements both applied to the same count." Id.

Here, the trial court did order both the sentence on the elevated conviction for auto theft and the enhanced sentence for intimidation to be served consecutively. But here, unlike in Sweatt, these enhancements were *not* based on the same prior felony conviction. We therefore conclude that Sweatt is not controlling and that the trial court's imposition of consecutive sentences does not constitute improper double enhancement under the facts and circumstances of the present case.

### III.  Appellate Rule 7(B)

Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we

understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), trans. denied. And although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Trainor, 950 N.E.2d at 355; Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Here, the nature of Brock's offenses support the trial court's sentencing decision. Brock's BAC was .26, over three times the statutory threshold of .08, and almost double the .15 required to elevate his OWI conviction to a Class A misdemeanor. Brock brazenly stole a running vehicle and resisted the police when they attempted to arrest him, kicking a police dog twice in the head. Brock threatened not only to physically attack the officers, but also threatened to "hunt down" and "eat" the officers' children, families, and pets. Appellant's App. p. 15.

Moreover, the character of the offender alone would support the trial court's sentencing decision. Brock has a lengthy criminal history that includes ten prior felony convictions for crimes such as battery causing serious bodily injury, battery causing bodily injury, battery by bodily waste, intimidation, burglary, residential entry, theft, auto theft, resisting law enforcement, and possession of marijuana. See Appellant's App. pp. 122-27. Brock has also accumulated over twenty prior misdemeanor convictions. His

criminal history also includes convictions for the same crimes he committed in the instant case, i.e. auto theft, intimidation, resisting law enforcement, and operating a vehicle while intoxicated. See Rutherford v. State, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (noting that the significance of a defendant's criminal history in assessing his character varies based on the gravity, nature, and number of prior offenses in relation to the current offense). Brock's criminal history reveals that he is a violent offender, and prior showings of leniency and attempts of rehabilitation have failed. Indeed, Brock has repeatedly violated the terms of his probation and had his probation revoked, and Brock was on probation at the time of the instant offenses.

Although Brock now claims that his criminal history is the result of untreated mental illness, there is no indication that he has sought treatment for any mental illness. Indeed, the State notes that Brock had over twenty years to seek treatment, but has failed to do so. Under these facts and circumstances, we are unable to say that Brock's aggregate sentence of twelve years, with one year suspended to probation, is inappropriate in light of the nature of the offenses and the character of the offender.

**Conclusion**

The trial court did not abuse its discretion in considering Brock's behavior while incarcerated as an aggravating factor, and even if it did abuse its discretion, any error was harmless. Nor did the trial court subject Brock to impermissible double enhancement when it ordered his elevated sentence for auto theft to be served consecutively to the sentence for intimidation that was enhanced under the general habitual offender statute.

11

Lastly, Brock's sentence of twelve years, with one year suspended to probation, is not inappropriate in light of the nature of the offenses and the character of the offender.

Affirmed.

KIRSCH, J., and CRONE, J., concur.