**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARLOS I. CARRILLO**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES D. HARRAL, JR., ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 79A05-1404-CR-192 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT 6
The Honorable Michael Morrissey, Judge
Cause Nos.:     34D06-1307-FD-159;
                34D06-1307-FD-147

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

James D. Harral, Jr., appeals his eleven-year sentence for two counts of Class D felony operating a vehicle while intoxicated with a prior conviction[1] and one count of Class B misdemeanor battery,[2] with a sentencing enhancement for Harral's admission he is an habitual substance offender ("HSO").[3] We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 16, 2013, Harral consumed alcohol at his father's house. Later that day, his father suffered a fatal heart attack. While intoxicated, Harral attempted to follow his father's ambulance to the hospital. The police stopped Harral before he left the property and detained him. Harral's blood alcohol content was 0.14 percent at that time. The State charged Harral with two counts of Class C misdemeanor operating a vehicle while intoxicated[4] and two counts of Class D felony operating a vehicle while intoxicated with a prior conviction, and the State alleged Harral was an HSO. Harral was released on bail.

On July 24, 2013, Harral's sister called police because Harral was driving while intoxicated. Police located Harral and placed him under arrest. While at the hospital to obtain a blood draw to determine his blood alcohol content, Harral stroked a nurse's buttocks. Harral's blood alcohol content was 0.25 percent. The State charged Harral with two counts of Class A misdemeanor operating a vehicle while intoxicated,[5] one count of

---

[1] Ind. Code § 9-30-5-3 (2013).
[2] Ind. Code § 35-42-2-1(b)(1) (2013).
[3] Ind. Code § 35-50-2-10 (2013).
[4] Ind. Code §§ 9-30-5-1(a) and -2(a) (2013).
[5] Ind. Code §§ 9-30-5-1(b) and -2(b) (2013).

Class D felony operating a vehicle while intoxicated with a prior conviction, and one count of Class B misdemeanor battery, and it alleged Harral was an HSO.

On February 12, 2014, Harral entered a guilty plea to two counts of Class D felony operating a vehicle while intoxicated with a prior conviction and Class B misdemeanor battery. He admitted he was an HSO. The State dismissed the other charges against Harral, and the plea agreement left sentencing to the discretion of the trial court. On March 19, the trial court sentenced Harral to three years for one count of Class D felony operating a vehicle while intoxicated with a prior conviction; two and one-half years for the other count of Class D felony operating a vehicle while intoxicated with a prior conviction; and 180 days for Class A misdemeanor battery. The court ordered all three to run consecutively and enhanced Harral's sentence by five years based on his adjudication as an HSO, for an aggregate sentence of eleven years, with three years suspended to probation.

## DISCUSSION AND DECISION

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

3

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). At the time Harral committed his crimes, the sentencing range for a Class D felony was six months to three years, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7(a) (2013). The trial court sentenced Harral to three years for one count of Class D felony operating a vehicle while intoxicated with a prior conviction; two and one-half years for the other count of Class D felony operating a vehicle while intoxicated with a prior conviction; and 180 days for Class A misdemeanor battery. The sentences were to be served consecutively and were enhanced by five years for Harral's adjudication as an HSO, for an aggregate sentence of eleven years with three years suspended to probation.

One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. On both occasions when Harral drove while intoxicated his blood alcohol content was at least twice the legal limit, which supports the trial court's sentencing decision. *See Brock v. State*, 983 N.E.2d 636, 642 (Ind. Ct. App. 2013) (sentence for operating a vehicle while intoxicated appropriately above the advisory sentence based on the fact Brock's blood alcohol content was more than twice the legal limit), *reh'g denied*.

When considering the character of the offender, one relevant fact is the defendant's

4

criminal history. *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* When sentencing Harral, the court noted:

> [T]his is OWI's number six (6) and seven (7), both of which are felony convictions. There is also an [HSO] and he's had two prior HSO adjudications already. . . . He violated community corrections at some points in time, they won't even accept you into placement due to past behaviors is what the rejections says, I don't know what all that encompasses, but they are usually pretty liberal about trying to take people in and giving them a chance they aren't even willing to go there with you again. I don't know exactly what happened, but they said because of prior behavior they are unwilling to accept you. They [sic] are also other criminal contacts and possibly convictions too for possession of marijuana, two for leaving the scene [-] one in '96, one in '02; that always raises a question in my mind shall we be dealing with OWI's eight (8) and nine (9) instead of six (6) and seven (7). I don't know and I'm not going to say that that's what they are, but just that it raises a good question in my mind what happened with those leaving the scenes. We've got multiple battery convictions, resisting law enforcement. So, we've got criminal history. I've already indicated that, you know, it is one thing to have OWI's and say that we have substance abuse problems, it is another thing to say to have some of these other convictions, the batteries, the leaving the scenes, resisting law enforcement that makes me think that there is a total disregard for law and for law enforcement[.]

(Tr. at 43-4.) We cannot say Harral's sentence was inappropriate based on his character. *See Wooley v. State*, 716 N.E.2d 919, 929 n.4 (Ind. 1999) (noting that a prior conviction of OWI would be a significant aggravator in a subsequent alcohol-related offense).

Based on the nature of the offenses and Harral's character, we cannot say his eleven-year sentence is inappropriate. Accordingly, we affirm.

Affirmed.

5

BARNES, J., and PYLE, J., concur.