## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 29 2016, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brady D. McBride, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 29, 2016 <br><br> Court of Appeals Case No. <br> 89A04-1511-CR-2058 <br><br> Appeal from the Wayne Circuit Court <br><br> The Honorable David A. Kolger, Judge <br><br> Trial Court Cause No. <br> 89C01-1407-F1-22 |

**Crone, Judge.**

## Case Summary

Following a jury trial, Brady D. McBride appeals the twenty-six-year sentence imposed by the trial court on his convictions for level 3 felony aggravated battery and level 4 felony unlawful possession of a firearm by a serious violent felon. McBride contends that the trial court abused its discretion in considering certain aggravating factors. Concluding that the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

In February 2014, McBride had a fistfight with Rodre Blackburn. After the fight McBride called Blackburn to apologize, and Blackburn considered their feud to be over. In July 2014, Blackburn was at a garage, which is a popular neighborhood hangout. Blackburn heard someone call his name from across the street. Blackburn crossed the street and was confronted by McBride. McBride stated that he had heard that Blackburn had plans to shoot him. Blackburn denied McBride's allegations. McBride pulled out a handgun and shot at the ground. Blackburn attempted to take the gun from McBride, but was unsuccessful and retreated into the garage. McBride stood in the entry of the garage about five feet away from Blackburn and shot him in the groin. After shooting Blackburn, McBride fled into an alley next to the garage. Blackburn had a handgun in his shorts pocket. He followed McBride down the alley for a few feet and used the handgun to shoot at him six times until the magazine was empty. Ultimately, Blackburn was taken to the emergency room

where he was treated for a urethra injury, and he had to use a catheter for six weeks.

[3] The State charged McBride with level 1 felony attempted murder, level 3 felony aggravated battery, and level 4 felony unlawful possession of a firearm by a serious violent felon. Following a trial, the jury found McBride not guilty of attempted murder and guilty of aggravated battery and unlawful possession of a firearm by a serious violent felon. At sentencing the trial court found the following aggravating factors: the nature of the offense pertaining to the disregard for the bystanders' safety, McBride's criminal history of two prior convictions of attempted murder, the fact that McBride was on probation and released on bond in a probation revocation proceeding at the time of the offenses, and his behavior at trial and while incarcerated. The court found no mitigating factors and imposed sentences of sixteen years for aggravated battery and ten years for unlawful possession of a firearm by a serious violent felon and ordered them to run consecutively for a total sentence of twenty-six years. This appeal ensued.

## Discussion and Decision

[4] McBride contends that his sentence is inappropriate in light of the nature of his offense and his character and should be reduced pursuant to Indiana Appellate Rule 7(B), but his actual argument focuses solely on whether the trial court abused its discretion in considering aggravating factors. Our supreme court has made it clear that inappropriate sentence and abuse of discretion claims are to be analyzed separately. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court abuses its discretion during sentencing by: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. "Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence … a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Id.* at 491.

[5] The first aggravator that the trial court considered is the nature of the offense concerning the disregard for the injuries that the offense could have caused the bystanders. McBride claims that it is an improper aggravator because he fired one shot into the ground and one shot into Blackburn. Appellant's Br. At 11. The fact remains that McBride fired a handgun twice while bystanders were present, which displayed his disregard for the safety of others.

[6] McBride concedes that his criminal history was a proper aggravator to be considered, but he claims that the trial court gave it too much weight, and he

also claims that the court "was inappropriately concerned with the acquitted count of attempted murder." Appellant's Br. at 12. The first claim is unavailable for appellate review, and the second is unsupported by the record.[1] We find no abuse of discretion here.

The trial court also considered McBride's probation status as an aggravating factor. Again, McBride contends that the trial court gave this too much weight. This contention is unavailable for appellate review.

McBride also challenges the trial court's consideration of his outburst at trial. Before the court read the final instructions to the jury, McBride yelled, "Man, you all a bunch of f***ing […] racists man." Tr. at 525. The trial court found that despite his outburst it was "amazing" that the jurors remained focused on properly executing their duty and acquitted him of the attempted murder charge. Tr. at 603. McBride claims that the trial court assigned too much weight to this aggravator and inappropriately expressed disagreement with the acquittal. Again, the first claim is not available for review, and the second is unsupported by the record.[2]

The trial court also considered McBride's behavior while incarcerated as an aggravating factor. While incarcerated McBride assaulted correctional officers, assaulted other inmates, refused meals, and possessed contraband. McBride

---

[1] McBride offers no citation that might support his contention.

[2] McBride offers no citation that might support his contention.

argues that uncharged prior bad acts are inappropriate other than to show character. During the sentencing hearing, McBride did not object to this aggravator. Failing to object to an aggravating factor during sentencing constitutes waiver. *Brock v. State*, 983 N.E.2d 636, 640 (Ind. Ct. App. 2013). Therefore, McBride cannot challenge this aggravating factor for this first time on appeal. Waiver notwithstanding, this aggravator is not improper. *See id.* ("[A] defendant's behavior during incarceration may be considered as an aggravating factor, as it relates to the risk that the defendant will commit another crime.").

[10] McBride's argument is essentially an invitation for this Court to reweigh the aggravating factors, which we will not do. The trial court did not abuse its discretion when it considered the aggravating factors during sentencing. Therefore, we affirm.

[11] Affirmed.

Najam, J., and Robb, J., concur.