# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 04 2020, 8:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan K. Bolt
Gibson Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rasikbhai P. Patel,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 4, 2020

Court of Appeals Case No.
20A-CR-284

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1906-F3-23

**Barteau, Senior Judge.**

# Statement of the Case

Rasikbhai P. Patel appeals the thirteen-year sentence the trial court imposed after he pleaded guilty to rape, a Level 3 felony. We affirm.

# Issues

Patel raises four issues, which we consolidate and restate as:

I.    Whether the trial court abused its discretion in identifying aggravating and mitigating sentencing factors.

II.   Whether Patel's sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts and Procedural History

Patel and J.T. worked at a hotel in Lafayette, Indiana. Patel also lived on the premises. On June 13, 2019, J.T. was cleaning a room when Patel entered. He suddenly picked J.T. up, put her on a bed, and pulled her pants down. J.T. yelled "No," but Patel pulled down his pants, and pinned her on the bed. Appellant's App. Vol. 2, p. 10. He hit her on the head with a telephone receiver and had sexual intercourse with her. Patel then left the room. J.T. used a hand towel to clean herself and saw blood on the towel. She called the police and was taken to a hospital for treatment. J.T. had multiple bruises on her legs and genitals, and a cut on her head.

On June 18, 2019, the State charged Patel with rape, a Level 3 felony. On June 28, 2019, the State amended the charging information to add charges of

criminal confinement with bodily injury, a Level 5 felony; sexual battery, a Level 6 felony; and battery with bodily injury, a Class A misdemeanor.

[5] The parties negotiated a plea agreement: Patel would plead guilty to Level 3 felony rape, and the State would dismiss the remaining charges. The sentence would be left to the discretion of the trial court. The trial court accepted the parties' agreement.

[6] On January 17, 2020, the trial court presided over a sentencing hearing. The court determined that Patel's guilty plea, his lack of a prior criminal history, his payment of restitution, and his family support were mitigating circumstances. The court declined to identify Patel's remorse as a mitigating circumstance. As for aggravating circumstances, the court identified three: (1) the harm to the victim was significant and greater than the elements necessary to prove the commission of the offense; (2) the defendant was in a position of trust with the victim; and (3) the wishes of J.T., who had requested a maximum sentence. The court imposed a thirteen-year sentence, and this appeal followed.

## Discussion and Decision

### I. Sentencing - Aggravating and Mitigating Factors

[7] Patel argues the trial court erred in identifying aggravating and mitigating factors. Sentencing decisions lie within the sound discretion of the trial court. *Hale v. State*, 128 N.E.3d 456, 463 (Ind. Ct. App. 2019), *trans. denied*. The Indiana Supreme Court has stated that a sentencing court may abuse its discretion by:

> failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence–including a finding of aggravating and mitigating factors if any–but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law.

*Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007).

[8] Patel argues, and the State concedes, that the trial court erred in identifying the victim's wishes as an aggravating factor. We agree. Recommendations from victims may assist a court in determining what sentence to impose, but they are not mitigating or aggravating factors. *Haddock v. State*, 800 N.E.2d 242, 247 (Ind. Ct. App. 2007).

[9] Patel next claims the trial court erred in determining that he was in a position of trust with J.T. We disagree. A position of trust exists where a defendant has more than a casual relationship with the victim and has abused the trust from that relationship. *Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007). In this case, Patel and J.T. were co-workers. Although the record is silent as to how long they worked together, J.T. had every right to expect that a co-worker would not ambush and assault her at their place of employment. Patel betrayed her trust.

[10] Patel does not dispute the aggravating circumstance that the harm to J.T. was significant and greater than the elements necessary to prove the commission of

the offense. He instead claims that if two of the three aggravating factors are invalid, then remand to the trial court for resentencing is necessary. Remand for resentencing is an appropriate remedy only if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *Brock v. State*, 983 N.E.2d 636, 640 (Ind. Ct. App. 2013).

[11] We have determined that the trial court did not err in citing a position of trust as an aggravating factor. Further, at sentencing, the court indicated that it did not strongly rely on J.T.'s request for the maximum sentence, stating, "And I hope and trust that the victim realizes . . . that which occurs here today is in no way meant or intended to be a punishment for that which she suffered, but is only to be an action taken by the Court as to the defendant." Tr. Vol. 2, pp. 31-32. Considering the two valid aggravating factors, and the trial court's minimal reliance on the victim's wishes in sentencing, we conclude that the court would have imposed the same sentence if it had not considered J.T.'s wishes as an aggravating factor.

[12] Next, Patel claims the trial court erred in failing to find his remorse as a mitigating factor, citing several points during sentencing at which he expressed sorrow for his offense. An allegation that the trial court failed to identify a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000).

[13] At sentencing, the trial court stated, "Though the defendant expresses remorse, the Court finds that the remorse expressed is more for the affects [sic] of this case and his sentence on him, than it is on the victim." Tr. Vol. 2, pp. 31-32. We accord substantial deference to a trial court's evaluation of a defendant's remorse. *Hollins v. State*, 145 N.E.3d 847, 852 (Ind. Ct. App. 2020), *trans. denied*. At sentencing, Patel initially said he did not have anything to say about J.T., but after being prompted by counsel to discuss J.T., he said he was sorry. Patel also told the court that he, like J.T., has family, and they were suffering too. Tr. Vol. 2, p. 30. The trial court did not abuse its discretion in weighing the sincerity and extent of Patel's contrition.

[14] Finally, Patel argues the trial judge acted improperly by criticizing his counsel during sentencing. Prior to the imposition of sentence, the prosecutor requested a sixteen-year sentence, and Patel requested a five-year sentence. The trial court commented:

> Although offended may be a stretch of a word to use, I'm disappointed in both counsel. Though the act may be the worst of the worst for the victim, the defendant is not the worst of the worst that I have ever seen. It is easy to ask for the most when there's, when there should be an acknowledgement that it is not appropriate. It is easy to ask for the least or nearly the least, when that is clearly not appropriate.

*Id.* at 32.

[15] Patel claims the trial court was attempting to send a personal philosophical message. We disagree. The trial court merely expressed dissatisfaction with

the parties' sentencing arguments.  Further, the court did not single out Patel, but instead criticized both parties equally.  Patel has failed to demonstrate how he was harmed by the court's comments.  We conclude that the trial court did not abuse its sentencing discretion.

## II. Sentencing – Appropriateness of Sentence

[16] Patel next argues that his thirteen-year sentence is too long and asks the Court to reduce it by an unspecified amount.  Article 7, section 6 of the Indiana Constitution authorizes the Court to review and revise sentences even when a trial court has acted within its lawful discretion.  This authority is implemented through Indiana Appellate Rule 7(B), which provides that the Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[17] The principal role of sentencing review under Rule 7(B) is to "attempt to leaven the outliers, . . . not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.  *Id.* at 1224. The defendant bears the burden of persuading the Court that the sentence is inappropriate.  *Connor v. State*, 58 N.E.3d 215, 218 (Ind. Ct. App. 2016).

[18]     At the time Patel committed the offense of Level 3 felony rape, the minimum sentence for a Level 3 felony was three years, the advisory sentence was nine years, and the maximum sentence was sixteen years. Ind. Code § 35-50-2-5 (2014). Patel received a sentence of thirteen years.

[19]     Turning to the nature of the offense, Patel described his offense as resulting from an impulsive decision, but he also admitted at sentencing that he had initially entered the hotel room where J.T. was working but left before returning to commit the crime. The record thus indicates that Patel had the opportunity to consider his course of conduct and chose to continue. In addition, J.T. suffered physical injuries from the rape, reporting bruising to her legs and genitals, and a cut on her head. Finally, J.T. reported significant emotional trauma, including having to quit her job, resulting in the loss of her home due to her lack of a job. She has also been in therapy and experienced anxiety and loss of trust in others.

[20]     As for Patel's character, he was fifty-five years old at sentencing. He has no prior criminal history, which is a significant mitigating factor. Patel further points out that he pleaded guilty. In general, a defendant who pleads guilty extends a benefit to the State and accepts some responsibility for the crime, and the plea should have some mitigating weight at sentencing *Scott v. State*, 840 N.E.2d 376, 382-83 (Ind. Ct. App. 2006), *trans. denied*. But a defendant who has received some benefit from a guilty plea is entitled to little, if any, mitigating weight. *Swain v. State*, 870 N.E.2d 1058, 1060 (Ind. Ct. App. 2007).

In Patel's case, the State dismissed three other charges in exchange for his guilty plea to Level 3 felony rape.

[21] Balancing the heinous nature of the offense against Patel's character, we conclude he has failed to demonstrate that his enhanced sentence is an outlier in need of correction under Rule 7(B).

# Conclusion

[22] For the reasons stated above, we affirm the judgment of the trial court.

[23] Affirmed.

Vaidik, J., and Tavitas, J., concur.